UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OMEGA HOSPITAL, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 08-3654 |
| ACEC LIFE/HEALTH TRUST, ET AL. | SECTION "N"  (2) |

## ORDER AND REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 4).  After reviewing the Petition for Damages, the memoranda of the parties, and the applicable law, the Court rules as set forth herein.

**I.    BACKGROUND**

Plaintiff Omega Hospital, L.L.C. ("Omega") contacted Defendants ACEC Life/Health Trust and Trustmark Services Company, d/b/a Trustmark Insurance Company (collectively, "Defendants") to verify the payment for the intended services of patients, Phyllis D. and Ed M.[1] Before Omega performed services by Phyllis D. and Ed M., Defendants allegedly assured Omega that payment would be made to it for the procedures.  After Defendants refused to fully compensate Omega for the services rendered to Phyllis D. And Ed M., as allegedly promised, Omega filed suit against Defendants in the 24th Judicial District Court for the Parish of Jefferson.

---

[1] Both individuals were participants in ACEC Life/Health Trust, an employment benefit health plan, which was funded and administered by Trustmark Services Company. (Petition, ¶ III).

Omega's Petition seeks payment from Defendants for services rendered to Phyllis D. in the amount of $47,134.46 and rendered to Ed M. in the amount of $29,703.61.[2] (Petition, ¶ II). Omega's Petition specifically, seeks damages arising out of Defendants' verification of benefits and/or detrimental reliance and subsequent breach of oral contract for failing to make payments for services rendered. Defendants removed this matter to this Court based on diversity of citizenship jurisdiction.[3]

## II. THE ARGUMENTS OF THE PARTIES

Both parties agree that diversity of citizenship exists in this action. (Rec. Doc. 1, ¶¶ 9-11; Rec. Doc. 4, ¶ III). Omega and Defendants dispute whether the amount in controversy requirement is satisfied. In support of its motion to remand, Omega notes that it chose to consolidate the two actions (referring to Phyllis D. and Ed M.) against Defendants in an effort to reduce costs and assist the Court. While Omega admits that the total amount owed by Defendants is $76,838.07, it notes that had it filed separate actions, the amount in controversy as to each action would have been significantly less than $75,000. Omega also attempts to stipulate in its Motion to Remand that it will not ask for more than $46,000 for patient Phyllis D. and will not ask for more than $28,000 for patient Ed M. (Rec. Doc. 4-2, p.1). Defendants, on the other hand, maintain that because Omega's Petition alleges aggregate damages in excess of $75,000, the requisite amount on controversy is satisfied.

---

[2] The full value of Omega's claims against Defendants totals $76,838.07, plus attorney's fees and all court costs, all with judicial interest from the date the claims should have been paid. (Petition, pp. 2-3).

[3] Although this was the only basis for jurisdiction asserted by Defendants in the Notice Of Removal (Rec. Doc. 1), Omega also addresses federal question jurisdiction in its Motion to Remand (Rec. Doc. 4). Because the undersigned finds these arguments unnecessary as federal question jurisdiction was not raised in the Notice of Removal, the Court will not address the issue of federal question jurisdiction in this opinion.

### III.   LAW AND ANALYSIS

#### A.   Legal Standard - Motion to Remand

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 122 S. Ct. 459 (2001).  Furthermore, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id*.  In deciding whether subject matter jurisdiction exists, a court must look to the claims in the state court pleadings as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Thus, in the context of actions removed from state court, the removing party bears the burden of demonstrating the federal court's jurisdiction and that removal was proper.  See *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Because the removal statute should be strictly construed in favor of remand, any ambiguities in the state court petition are construed against removal.  *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

#### B.   Diversity of Citizenship Jurisdiction

Diversity of citizenship subject matter jurisdiction requires that the amount in controversy exceed the sum of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332. Under Fifth Circuit jurisprudence, a removing defendant's burden in establishing the requisite amount in controversy differs depending on whether the complaint alleges a specific amount of monetary damages. See *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). When the plaintiff alleges a specific damage figure that exceeds the required amount in controversy, "that amount controls if made in good faith." *Id.* ( citing *St. Paul Mercury Indem.*

*Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1939)). The converse holds true, barring removal, if a plaintiff pleads damages less than the jurisdictional amount. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

Here, Omega admittedly chose to file one lawsuit against Defendants alleging claims totaling $76,838.07.  Now, Omega asserts that these claims should not be aggregated in an effort to satisfy the requisite amount in controversy.  This Court disagrees. A single plaintiff may aggregate the value of all the claims presented against a single defendant to satisfy the amount in controversy.  See *Williams v. Dargins*, 1999 WL 163431, *1 (E.D. La. 1999).[4]  Here, the $75,000 amount in controversy requirement is met.

Further, Omega's post-removal attempt to stipulate to a lesser amount than what it pled in the Petition is of no moment.  "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."  *Nelson v. Nationwide Mut. Ins. Co.*, 192 F. Supp.2d 617, 619 (E.D. La.2001).  Here, Omega prays that Defendants be held liable "for the full value of the claim totaling $76,838.07, plus attorney's fees and all court costs, all with judicial interest from the date that these claims should have been paid until they are actually paid, as well as other equitable orders deemed appropriate by this Honorable Court."  (Petition, pp. 2-3).

Thus, after having considered the memoranda of the parties, the Court finds that Defendants have proven that it is more likely than not that the amount in controversy exceeds the jurisdictional amount required for removal.

---

[4] This is not a case wherein multiple plaintiffs are improperly attempting to aggregate their individual claims to meet the $75,000 threshold. See *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778 (5th Cir.1963).

**IV. CONCLUSION**

Considering the foregoing, **IT IS ORDERED** that the **Plaintiff's Motion to Remand (Rec. Doc. 4)** is **DENIED.**

New Orleans, Louisiana, this 29th day of October, 2008.

                                          _____
                                          **KURT D. ENGELHARDT**
                                          **UNITED STATES DISTRICT JUDGE**